**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| NAGIPEJUTAWIN, *also known as*. Julia Stanley, Plaintiff, | Civil Action File No.: 4:22-cv-00274-WMR |
| v. | |
| FLOYD COUNTY SCHOOL, Defendant. | |

## ORDER

This case involves a pro se plaintiff seeking various forms of relief against several governmental agencies, along with their employees, and the local court system in Floyd County, Georgia. The case is before the Court on a variety of motions, including Plaintiff's "Motion for Removal Any and All Cases to Rightful Jurisdiction" [Doc. 2], Rome County School District's ("RCSD") Motion to Dismiss [Doc. 10], Plaintiff's Motion for Default Judgment and Writ of Execution [Doc. 11], and Plaintiff's Motion to Amend. [Doc. 13].

### I.    BACKGROUND

Pro se Plaintiff Nagipejutawin, also known as Julia Stanley, brought many claims against "Floyd County School," including alleged violations of "1st Amendment, 3rd Amendment, 4th Amendment, 5th Amendment, 6th Amendment, 8th Amendment, 10th Amendment, 14th Amendment, 15 US Code 1201, 18 USC §

1594, 42 USC § 3617," and "perhaps more should the Courts find it lawful and just to rule upon this matter." [Doc. 1].

Plaintiff also requested that the Court transfer an assortment of Plaintiff's county and state cases, both civil and criminal, to this Court. [Doc. 2].[1] Plaintiff listed the following cases: "unconstitutional 'Bond Agreement,'" "NWGAA v. Julia Stanley," "Capital One," "TPO dismissal," Informa Pauperis denial," and "Juvenile Case." [*Id.*]. Plaintiff also requested a "Formal Subpoena for any & all cases, audios, camera footage, and names." [*Id.*].

The Court then issued an Order directing Plaintiff to file "proof that service was properly made on Defendants or why Plaintiff has been unable to serve Defendants by March 21, 2023." [Doc. 5]. Shortly thereafter, Plaintiff filed a Proof of Service form, which stated that she properly served "Floyd County School" with a copy of the Summons and Complaint to "Rome City Schools." [Doc. 6].

After various other filings by Plaintiff, RCSD submitted a Motion to Dismiss for insufficient process under 12(b)(4), insufficient service of process under 12(b)(5), and for noncompliance with the Court's February 8, 2023, Order. [Doc. 10]. In its Motion to Dismiss, RCSD stated that it received a copy of "Summons in a Civil Action" on March 20, 2023, with several procedural defects, including that

---

[1] Plaintiff entitled this request as a "Motion for Removal [of] Any and All Cases to Rightful Jurisdiction." [*Id.* at 1].

the summons "does not properly state the name of the parties of the case," "was not signed by the Clerk," and "does not bear the Court's seal." [Doc. 10-1 at 4-5].

Plaintiff then moved for an entry of default judgment and writ of execution against RCSD due to RCSD's alleged failure to respond to Plaintiff's Complaint. [Doc. 11].[2] Plaintiff also filed a Motion to Amend to change the defendant from "Floyd County School" to RCSD. [Doc. 13 at 1(Claiming that "'Rome City School District' should be the correct defendant, not 'Floyd Co. School' as both plaintiff & attorney for Rome City School District are in agreement on his April 10th, 2023, motion.")].

RCSD maintains that Plaintiff's error in naming the incorrect defendant in her initial complaint and subsequent filings is "more than a misnomer because the entity sued and RCSD are legally distinct; [and] thus, the Court does not have jurisdiction over RCSD." [Doc. 15]. Additionally, RCSD argues that dismissal without prejudice is proper because of the procedural defects with service. [Doc. 10].

## II.   DISCUSSION

The Court will first address RCSD's Motion to Dismiss [Doc. 10] and then Plaintiff's Motion for Removal [Doc. 2]and Motion for Entry of Default Judgment. [Doc. 11].

---

[2] Plaintiff also failed a "Motion for 2 Week Filing Extension" [Doc. 12] so that Plaintiff could "properly prepare [her] response & brief."

### a. **RCSD's Motion to Dismiss**

RCSD moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) due to the defects in Plaintiff's service. [Doc. 10].

In opposition to RCSD's Motion, Plaintiff contends that she is "not a juris doctor & and [is] learning." [Doc. 14 at 1]. Additionally, Plaintiff states "I am stated as being pro se, not represented by an attorney, and still trying a great deal to understand." [*Id.* at 2]. Plaintiff also mentions that she is "trying very hard to learn & follow the rules that many people know from Law School." [*Id.* at 3]. Plaintiff "beg[s] the Courts to please consider this citing the GA & US Constitutions & now knowing the Federal Rules for Civil Procedural, ask to move forward & not to dismiss on spelling errors as all parties are currently aware, involved & seems as now moving forward would go towards the prompt disposition of the case and eventually save time & funds." [*Id.* at 4].

While the Court sympathizes with the challenges of filing as a pro se litigant, pro se litigants must still comply with the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (All parties are "subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure," regardless of whether the litigant is pro se); *Windham v. City of*

*Fairhope, Ala.*, 20 F.Supp.3d 1323, 1347  n.14 (S.D. Ala. 2014) (emphasizing that even pro se litigants must comply with procedural rules and court orders).

### 1.  Rule 12(b)(4)

Under Federal Rule of Civil Procedure 4(a)(1), a summons must "(A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear by the defendant will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(a)(1)(A-G). When there are defects in the summons, a party may move to dismiss for insufficient process under Federal Rule of Civil Procedure 12(b)(4). *See Binns v. City of Marietta Housing Authority*, No. 1:07-CV-0070, 2007 WL 2746695, at *2 (N.D. Ga. Sept. 18, 2007) ("A party who has not been properly served may raise a defense of insufficient process or insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) or 12(b)(5).").). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service . . . therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4." 5B Alan Wright & Arthur Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2004) (footnotes omitted).

Although Plaintiff submitted a "Proof of Service" [Doc. 6], other evidence shows that the summons served on RCSD was defective because it did not comply with the procedural requirements of Rule 4(a)(1)(A-G). [*See* Doc. 10-2]. Defendants contend that on March 20, 2023, "RCSD received a copy of a 'Summons in a Civil Action' and what appears to be a cell phone picture copy of a handwritten complaint that had been printed out." [Doc. 10-1] (citing Affidavit of RCSD Superintendent Dr. Eric Holland). RCSD also states that it has not received any further documentation. [*Id.*].

As RCSD points out, Plaintiff's summons is defective for several reasons. First, RCSD was not a named party in the case at the time of service. [Doc. 10-1 at 4]. Instead, "Floyd County School" was the defendant named in the complaint, which is a "legally separate and distinct entity" from RCSD. [Doc. 10-2 at 4]. Second, the summons does not state the Court's name or bear the Court's seal as required by Rule 4(a)(1)(A) and 4(a)(1)(G). [*Id.* at 3]. Instead, the summons that Plaintiff used is from the Western District of North Carolina. [*Id.*]. Additionally, the summons does not "state the time within which the defendant must appear and defend" as required by rule 4(a)(1)(D). [*Id.* at 1]. Finally, the summons does not bear the Clerk's signature. [*Id.*]; *see Thomas v. Derryberry, et al.*, No. 8:16-cv-3482-T-33AEP 2017 WL 2022270 (M.D. Fla. May 12, 2017) (holding that process was "not

sufficient because the summons did not contain the Clerk's signature as required under Rule 4(a)(1)(F)").

For the above stated reasons, Plaintiff failed to properly serve the named Defendant with a summons and complaint in accordance with the requirements of Rule 4, and Plaintiff's case is due to be dismissed under Rule 12(b)(4) [Doc. 10-1]

### 2. Rule 12(b)(5)

RCSD also argues that Plaintiff's case must also be dismissed under Rule 12(b)(5). A Rule 12(b)(5) motion challenging the sufficiency of service "must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Binns v. City of Marietta Hous. Auth.*, No. 1:07-CV-0070, 2007 WL 2746694, at *2 (N.D. Ga. Sept. 18, 2007). "The party challenging the sufficiency of service bears the burden of showing it was improper." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013) (quoting *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997)). However, the plaintiff "bears the burden of establishing proof of service of process." *Adventure Outdoors, Inc. v. Bloomberg,* 519 F. Supp. 2d 1258, 1270 (N.D. Ga. 2007), (*rev'd on other grounds*, 552 F.3D 1290 (11th Cir. 2008)).

RCSD asserts that Plaintiff served the wrong entity because "Plaintiff has sued the Floyd County School district but has instead served RCSD" [Doc. 10-1 at 6]. The Court notes that substitution of parties could be proper here if the summons

were not defective under Rule 12(b)(4). However, because the summons was defective, substitution is not appropriate here. As the Court has already found grounds for dismissal without prejudice under Rule 12(b)(4) as explained above, the Court need not consider Defendant's 12(b)(5) argument.

In response to Defendant's arguments, Plaintiff contends that her mistakes in the Complaint were mere "spelling errors" [Doc. 14 at 4, and the Court should therefore grant a Motion to Amend. [Doc. 13]. Plaintiff specifically states that "'Rome City School District' should be the correct defendant, not 'Floyd Co School.'" [*Id.* at 1]. However, "service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been [properly] served." *Hemispherx Biopharama, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). Thus, a failure to serve means the Court cannot assert jurisdiction. *See Innomed Tech., Inc. v. Worldwide Med. Tech., Inc.*, 267 F. Supp. 2d 1171, 1173 (M.D. Fla. 2003) ("A court without personal jurisdiction is powerless to take further action"); *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) (a defendant not subject to the Court's jurisdiction cannot be bound by its rulings"). This case cannot proceed without proper service; thus, the Court denies Plaintiff's Motion to Amend. [Doc. 13].

The court notes that dismissal of this case is *without prejudice*, which means that Plaintiff can refile a new complaint if she so desires. Any such complaint must name the correct party and must comply with the Federal Rules of Civil Procedure.[3]

### b. Plaintiff's Motion for Removal and Motion for Default Judgment

Because the Court has already determined that Plaintiff's suit must be dismissed Plaintiff's for improper service; the Court terminates Plaintiff's Motion for Removal [Doc. 2] and Motion for Default Judgment as moot. [Doc. 11].

The Court notes that a party who seeks to remove a case to federal court must submit the following: "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C § 1446(a).[4] Moreover, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Federal courts "may only hear those cases which the Constitution and the Congress of the United States have authorized them to hear." *Boakye v. NCL (Bahamas) Ltd.*, 295 F.Supp.3d 1342, 1344 (N.D. Ga. 2018). Additionally, a federal court generally may not interfere in ongoing criminal proceedings in state court except in the most extraordinary circumstances. *Younger*

---

[3] The Court also notes that, should Plaintiff refile, she may benefit from organizing her claims in a numbered manner, which would allow the Court to better understand her claims.

[4] Plaintiff did not attach any of the abovementioned requirements in her two-page request to remove to federal court. [Doc. 2].

9

*v. Harris*, 401 U.S. 37, 52 (1971); *For Your Eyes Alone, Inc. v., City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002). Therefore, even if, the Court did not terminate Plaintiff's Motion for Removal [Doc. 2] as moot, Plaintiff's current claims would likely fail to comply with the requirements of federal jurisdiction.

As for Plaintiff's Motion for a Default Judgment [Doc. 11], "Federal Rules of Civil Procedure have a two-step process for obtaining a default judgment: first, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default, and second, after entry of the clerk's default, if defendant is not an infant or an incompetent person, court may enter a default judgment against defendant because of defendant's failure to appear or defend." *Glennon v. Rosenblum*, 325 F.Supp.3d 1255, 1261 (N.D. Ala. 2018). That process is not applicable here because RCSD's Motion to Dismiss [Doc. 10] was a timely responsive pleading to Plaintiff's complaint.

## III.   CONCLUSION

In sum, the Court **GRANTS** RCSD's Motion to Dismiss [Doc. 10], **DENIES** Plaintiff's Motion to Amend [Doc. 13], and **TERMINATES** Plaintiff's Motion for Removal [Doc. 2] and Motion for Default Judgment as moot. [5] [Doc. 11].

---

[5] Given the rulings above, Plaintiff's "Emergency Motion for Hearings & Writ of Habeas Corpus Motion for Dismissal of Charges & Expungement" [Doc. 8], Plaintiff's "Notice of Appeal" [Doc. 9], and Plaintiff's "Motion for a 2-Week Filing Extension" [Doc. 13] are terminated as moot.

Accordingly, this case is **DISMISSED** without prejudice for insufficient service of process.

IT IS SO ORDERED, this 11th day of July, 2023.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE